Michael Louis Minns (pro hac vice)
Texas State Bar No. 14184300
Ashley Blair Arnett (pro hac vice)
Texas State Bar No. 24064833
MICHAEL LOUIS MINNS, P.L.C.
9119 S. Gessner, Suite One
Houston, Texas 77074
Tel.: (713) 777-0772
Fax: (713) 777-0453
Email: mike@minnslaw.com

Counsel for Defendant James Parker

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br> Plaintiff, <br><br> v. <br><br> **JAMES PARKER**, et al., <br> Defendants. | No. 10-CR-757-PHX-ROS <br><br> **DEFENDANT'S RESPONSE TO GOVERNMENT'S MEMORANDUM AND RESPONSE TO COURT'S INQUIRY** |

      NOW COMES Defendant James Parker, by and through his counsel of record, and respectfully submits Defendant's Response to the Government's June 20, 2012 Memorandum and Response to the Court's inquiry.

      The questions before this Court are what evidence is in the record to show evasion of payment; what is the alleged date of this alleged action; and what evidence exists to demonstrate that the alleged evasion *was willful*? Finally, what evidence is there that there was a substantial, intentional, and willful failure to disclose on the four offers in compromise?

The Government changed its theory of prosecution during the Court's inquiry on the close of the Government's case. To add to the confusion, the Government's theory of prosecution is not typical tax evasion, but is limited to the theory of "evasion of payment." The Government has not shared with counsel or the Court how the misdemeanor—willful failure to pay under 26 U.S.C. § 7203—is stepped up in this case to the felony of tax evasion—26 U.S.C. § 7201. It appears to be that James Parker did not report property the government was well aware.

## EVIDENCE OF TAX DUE AND OWING

The Government has argued, and has improperly asserted, that the stipulation signed in 2003 in Tax Court means "as a matter of law" that Defendants' tax returns for 1997 and 1998 were "false." As a matter of law, the opposite is true. There were no findings of falsity or fraud. There were preparer penalties charged—no willful findings. Yet, the Government persists in "falsely" proclaiming James Parker lied on those returns. The returns were prepared by C.P.A. Eugene Galant, and the attorney Henry Tom represented Parker in Tax Court. Both are deceased. The only evidence of what Parker was told is Defense Exhibit 1008 and 1013 in which his attorney, Greg Robinson, stated that James Parker owed 10% of the assessment. There is no evidence that Parker disagreed with this legal assessment. There is no evidence of a deliberate falsehood, or even that it is false. The Government's assertion that an agreed judgment is a stipulation of guilt is itself untrue and fraudulent. If it were to become the law no one would even stipulate again in Tax Court.

With regard to calendar years 2001 and 2002, the subjects of Counts Three and Four, there is no evidence the defense or the Government disagree with the final work product of the second C.P.A., Tim Liggett. The only evidence in the record is that Parker's lawyer, Greg

Robinson, was attempting to settle all outstanding obligations through civil offer and compromise and so, while Robinson was his lawyer, the taxes were not paid.

The Government asserts this is conduct to evade payment. It is ridiculous on its face. The earnest and continuous effort to settle is viewed by the Government as evasion. Would it be a defense if he never tried to settle?

The real question is only whether or not there was deliberate falsehood in the OIC by Parker – to show willful false filings. There is no evidence of this.

The Government's entire case rests on its position that the Greg Robinson, who had power of attorney, lied on Parker's behalf. First, there is no evidence that Robinson intended to deceive. Further the Government has failed to prove that attorney Greg Robinson willfully deceived. If, by some miracle, they cross that bridge, proving that Greg Robinson willfully deceived—then still, criminal willfulness cannot be imputed to Greg Robinson's client.

The evidence says nothing about The McPherson Group, Attorney Henry Tom, Attorney Dave Robinson who was law partners with his brother Greg Robinson, or Eugene Galant, or any of the other numerous C.P.A.s and tax attorneys Parker paid and relied on. The entirety of the Government's allegations rests on the alleged false statements of Attorney Greg Robinson. Every other counsel presumably acted appropriately.

### **ALLEGED "AFFIRMATIVE ACTS OF EVASION"**

The Government lists events and acts that allegedly show that Defendant affirmatively acted to evade. (Gov't's Mem. in Regarding [sic] Rule 29 Proceedings of 06/20/12, 4-9.) The problem with these so-called "affirmative acts of evasion of payment is that there is no problems proof, only allegations. The Government's argument consistently ignores all the testimony of its own witnesses.

- The Government claims it proved that on July 31, 2003, Defendant took out a $355,000 loan with Universal to encumber the Carefree residence. (*Id.* at 5.) The problem is that the Government apparently wants to win with false facts and ignoring its own witnesses. The Government witness testified it was not Defendant, it was *Sunlight*, owned by Parker's children. Further, it was not a new encumbrance, rather it was to prevent foreclosure on a balloon note of the same amount. Had there been no Universal loan there would be no residence. It would have been defaulted. The $355,000 replaced the $355,000 balance on the purchase money balloon note. The Government simply does not like its own evidence and continues to ignore it.

- The Government makes several allegations about Sunlight. (*Id.* at 4-5.) There has been no successful collection by the Government against the Sunlight home, and there will not be. James Parker is not in the chain of title.

- Invoking the word "nominee"—as the Government does repeatedly throughout its Brief, along with the term "associated with"—no more creates a magic link in the chain of title than giving revenue officers duplicate names creates a new revenue officer.

- The Government states that Parker agreed to sell land in Belize for $6 million. (*Id.* at 5.) The sole evidence about the MacKinnon Belize Land sale to "IoVest" was that neither dealmaker had authority to finalize the deal. This was testimony from the Government's witness, Paul Goguen. This was unimpeached. Both had to go back to investors.

- There was no evidence that Rachel Harris purchased the $200,000 home for her father anymore than the Girl Scouts dues and ob-gyn payments in evidence were for her mother. The Government cannot make it so by wishing it were so. If the trustees and the beneficiaries of Sunlight Financial LLP want to purchase property with assets from Sunlight there is no hint of evidence that Parker would want to, but even if he did, would not legally be able to stop her.

4

- Why not allege IoVest is a "nominee" of Parker and all its money belongs to Parker? There is no less evidence to support that in this record, than that Parker netted $6,000,000 in the sale, and his company paid nothing to investors, nothing to cover infrastructure, and although the evidence does not show his alleged ownership, everything to him.

- "Market Rate." Market rate is what is paid at auction. One does not get to the high bid unless someone is bidding against you, and you bet again. The Government asserts that Defendant in bidding on the right to lease public lands was able to pay, at times, "more than four times the market rate." (*Id.* at 8.) This argument is a big "so what?, just like most of the Government's case. So What. If CRR paid ten times "market," then good for the Oklahoma school district kids and teacher retirement. It has nothing to do with criminal conduct even if true.

## SUSPICIOUS REVENUE AGENT ACTIONS

There was, as AUSA Sexton suggests, historical experience between Revenue Officer Paul Wedepohl a/k/a Paul Chase and the lawyer Greg Robinson. And there's the rub. For whatever reason Revenue Officer Wedepohl turned in both Parker and Greg Robinson—it appears to be irrational and personal. During cross-examination, his colleague, Jerry Carter a/k/a Jerry Young, shouted out that Greg Robinson finally confessed to him that Parker owned the Carefree residence, and presumably the trust and L.L.P.s he drew up were fraudulent—but there is no hint the client, Jim Parker knew this. It is also not very likely true.

The circumstances of this "confession" are troubling. Revenue Officer Chase could not recall if it was written or oral, and, if oral, whether it was on the phone or in person. He would have to check.

The property in Cornerstone (started in 1994) was transferred by Greg Robinson to

5

Sunlight Financial L.L.P. in 2002, according to the Government, to avoid paying the Government a debt that would later be conceded in 2003. Both Wedepohl and Jerry Carter assert that Sunlight is a "nominee" for Parker. They do not bother to explain how, or why, Parker would seek to control the 1994 trust set up to protect the assets.

The Government's assertion that Cimmaron River Ranch and the Belize Company, Resorts Consulting Quorum, belong 100% to Jim Parker and are hidden to avoid the IRS is equally unfounded—but at least it is historically possible. There simply is no evidence to support the claim. The IRS summary witness so testified.

All that dogs the question. If Parker could legally force the owners of Resorts Consulting Quorum and Sunlight to give him money—is he legally obligated to do so? The purpose of trusts is to avoid these bad options.

In summary: The Government wishes Parker were in the Cornerstone chain of title and the Cimmarron chain of title. The Government has a hunch that the hated attorney Greg Robinson may be dishonest, although it cannot prove it, and it wants this unproven dishonesty imputed as a matter of law against his client, Defendant Parker. Generally, willfulness requires an act done with bad purpose. *United States v. Murdock,* 290 U.S. 389 (1933). It is hard to reconcile hiring a board certified tax attorney and former IRS lawyer, to settle your case as a "bad purpose."

This was always a civil case, with no criminal ramifications. It was referred to criminal because Revenue Officer Wedepohl had a grudge with attorney Greg Robinson and would stop at nothing to be "uncivil" with Greg Robinson and his clients. This was an unreasonable, expensive, and personal vendetta that unfortunately had little to do with Parker. The Oklahoma forces teamed up with the Feds and conspired to destroy Parker. Parker repeatedly did

everything in his power to abide by the tax law and settle all differences with the IRS through multiple representatives and reasonable offers to compromise.

**NO PROOF OF WILLFULNESS**

There is no testimony and there are no exhibits to support the Government's position that all the entities are fake and that Defendant Parker owed them all. The Government, if it is to prove tax evasion, must prove that Defendant "willfully attempt[ed] in any manner to evade or defeat any [imposed] tax." 26 U.S.C. § 7201. *See Cheek v. United States*, 498 U.S. 192 (1991). The three offers in compromise and one Installment Agreement do not show willfulness. The Government has simply failed to prove that Defendant willfully evaded taxes.

The Government must also, consistent with its indictment, show the ability to pay the full tax obligation a time certain. They haven't really even tried.

Therefore, Defendant respectfully requests that the Court grant Defendant's Rule 29 Motion.

Respectfully submitted on June 20, 2012.

*/s/ Michael Louis Minns*
Michael Minns (pro hac vice)
State Bar No. 14184300
Ashley Blair Arnett (pro hac vice)
State Bar No. 24064833 (Texas)
MICHAEL LOUIS MINNS, P.L.C.
Counsel for Defendant James Parker
9119 S. Gessner Suite One
Houston, TX 77074
Tel.: (713) 777-0772
Fax: (713) 777-0453
Email: ashley@minnslaw.com

- AND -

*/s/ Michael D. Kimerer*

Michael D. Kimerer
Local counsel for Defendant James Parker
Kimerer & Derrick, P.C.
221 East Indianola Avenue
Phoenix, AZ 85012
Tel.: 602-229-5900
Fax: 602-264-5566
Email: MDK@kimerer.com

## CERTIFICATE OF SERVICE

On June 20, 2012 I, Ashley Blair Arnett, attorney for the Defendant, James Parker, filed The Defendant's Response to the Government's Memorandum and Court's Inquiry *via* ECF. Based on my training and experience with electronic filing in the federal courts, it is my understanding that a copy of this request will be electronically served upon opposing counsel, Peter Sexton and Walter Perkel, and co-counsel, Joy Bertrand, upon its submission to the Court.

Respectfully submitted this 20th day of June, 2012.

*/s/ Ashley Blair Arnett*
Ashley Blair Arnett
Attorney for Defendant